IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-102-F
No. 5:12-CV-765-F

| | | |
|---|---|---|
| CEDRIC TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **MEMORANDUM &** |
| UNITED STATES OF AMERICA, | ) | **RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate filed on November 26, 2012. The government has moved to dismiss the motion for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Petitioner responded to the government's motion and subsequently filed the following motions:

1. Motion to Amend the Motion to Vacate under 28 U.S.C. § 2255 [DE #194];

2. Motion to Accept Petitioner's §2255 Motion [DE #192]; and

3. Motion for Case Materials [DE #201].

These matters have been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, Petitioner's Motion for Case Materials is granted in part and denied in part and it is recommended that the government's motion to dismiss be granted, that Petitioner's other motions be denied, and that Petitioner's claims be dismissed.

## STATEMENT OF THE CASE

On May 12, 2008, Petitioner pleaded not guilty to: one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of tampering with a witness through threats of physical force in violation of 18 U.S.C. § 1512(a)(2)(C); one count of attempting to kill a witness in violation of 18 U.S.C. § 1512(a)(1)(C); and one count of attempting to kill a witness in retaliation in violation of 18 U.S.C. § 1513(a)(1)(B). The jury found petitioner guilty of one count of drug conspiracy and one count of tampering with a witness. The jury found Petitioner not guilty of attempting to kill a witness and not guilty of attempting to kill a witness in retaliation. On October 8, 2010, the court sentenced Petitioner to two, concurrent 240-month terms of imprisonment.

Petitioner appealed on four grounds, and the Fourth Circuit affirmed in part, vacated in part, modified in part, and remanded to the district court for resentencing. On April 26, 2010, the court resentenced Petitioner to a 120-month term of imprisonment on the witness tampering count and a concurrent sentence of 240-months on the drug conspiracy charge.

On April 28, 2010, Petitioner entered a second notice of appeal. The Court of Appeals affirmed the district court on September 30, 2011. Petitioner did not file a writ for certiorari. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255. Subsequently, Petitioner made the additional filings: (1) Motion to Accept Petitioner's § 2255 Motion on July 30, 2013; (2) Motion to Amend Petitioner's § 2255 Motion on December 4, 2013; and (3) Motion for Case Materials on October 14, 2014.

**DISCUSSION**

I. **Motion to Accept § 2255 Motion**

Petitioner requests the court to accept his § 2255 motion due to the government's error in contending that Petitioner admitted his guilt in open court. The court ordered the government to file a record citation supporting the assertion. (Order at 1 [DE #188].) The government responded indicating the assertion was in error and stated, "Petitioner in no way has asserted his guilt in the offenses in his trial." (Government's Resp. Order at 1 [DE #191].) Thus, the error has been corrected, and Petitioner's motion should be denied.

II. **Motion to Amend § 2255 Motion**

Next, Petitioner moves to amend his § 2255 motion in light of *Fowler v. United States*, 131 S. Ct. 2045 (2011) and *Arthur Anderson, LLP v. United States*, 544 U.S. 696 (2005). Both of these decisions were handed down before Plaintiff filed his appellate brief with the Fourth Circuit on June 20, 2011, and Petitioner did not raise these claims on appeal. Thus, he has procedurally defaulted on these claims. Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice excusing his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is actually innocent.); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (explaining that where petitioner did not raise issues on direct appeal, he was barred from later addressing those issues on collateral review). Because Petitioner is precluded from bringing the claim in a § 2255 motion, amendment would be futile. Accordingly, his motion to amend should be denied. *See Cannady v. United States*, No. 5:08-CR-258-D, 2012 WL

3

Case 5:07-cr-00102-F   Document 202   Filed 05/06/15   Page 3 of 10

5207484, at *2 (E.D.N.C. Oct. 22, 2012) (denying leave to amend § 2255 motion where amendment would be futile).

### III. 28 U.S.C. § 2255

Petitioner asserts that he had ineffective assistance of counsel at the trial level of his case and that he was sentenced in violation of the Fair Sentencing Act of 2010 ("FSA").

#### a. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The government contends that Petitioner's conviction became final as of the date the Fourth Circuit entered its mandate on October 24, 2011, and thus, Petitioner's filing is untimely. The undersigned disagrees. If, following appeal, a defendant does not petition for a writ of certiorari, his conviction becomes final upon expiration of the time for filing a certiorari petition. *Clay v. United States*, 537 U.S. 522, 525 (2003). On September 30, 2011, the Fourth Circuit affirmed Petitioner's conviction and sentence in an unpublished per curium opinion. Petitioner did not file a petition for writ of certiorari with the Supreme Court, and therefore his judgment became final

4

on December 29, 2011, when the time for filing a petition for writ of certiorari expired. *See Clay*, 537 U.S. at 525; *see also* Sup. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Petitioner filed the instant § 2255 motion on November 26, 2012, within one year after the judgment became final. Therefore, Petitioner's § 2255 motion was timely filed under § 2255(f)(1).

   **b. Ineffective Assistance of Counsel**

Petitioner asserts that his attorney was ineffective in that he failed to negotiate a plea as to the drug conspiracy count, failed to object to or challenge the credibility of witnesses, and failed to object to or challenge the drug amount entered into evidence at trial. To establish ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. The defendant bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

In reviewing ineffective assistance claims, courts must make "every effort . . . to eliminate the distorting effects of hindsight," *id.* at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," *United States v. Roane*, 378 F.3d 382, 410 (4th Cir. 2004) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge

5

Case 5:07-cr-00102-F   Document 202   Filed 05/06/15   Page 5 of 10

a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

### i. Failure to Negotiate Plea

Petitioner claims that his attorney was ineffective in his failure to negotiate a plea and that Petitioner was prejudiced because he was not given a two-level reduction for acceptance of responsibility. Petitioner also states that his attorney ignored his request to plead guilty to the drug conspiracy count.

Plea bargaining is "an essential component" of the criminal process, *Santobello v. New York*, 404 U.S. 257, 260 (1971), but "there is no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 560-61 (1977). Further, a prosecutor is under no legal obligation to consider or negotiate a plea with a defendant; the decision to offer a plea bargain is a matter of prosecutorial discretion. *See Weatherford*, 429 U.S. at 561. On the part of defense counsel, a decision not to initiate plea bargaining is considered "strategic," and "an attorney is not required to seek plea bargains that he reasonably believes the prosecution will reject." *Griffin v. United States*, No. 7:30-CR-103-1-F1, 2011 WL 1743835, at *3 (E.D.N.C. May 3, 2011) (citing *Brown v. Doe,* 2 F.3d 1236, 1246 (2d Cir. 1993); *Newman v. Vasbinder,* 259 F. App'x 851, 854 (6th Cir. 2008)). Nevertheless, defense counsel must communicate to a defendant any plea bargains proffered by the government. *United States v. Brannon*, 48 F. App'x 51, 53 (4th Cir. 2002).

Because Petitioner had no constitutional right to be offered a plea agreement, his attorney cannot have been ineffective for failing to pursue such an arrangement. Though defense counsel must communicate the government's proposals to his client, Petitioner has not alleged that the government extended an offer he would have accepted but for counsel's failure to communicate

6

such plea. Thus, Petitioner has not demonstrated that his attorney's performance was deficient or that he was prejudiced as a result of his attorney's performance.

Moreover, the record does not support Petitioner's assertion that his attorney entered a not guilty plea without Petitioner's consent. At Petitioner's arraignment, his attorney entered pleas of not guilty on each and every count with which Petitioner was charged, and trial was set to start two days later. (Arraignment Tr. at 18 [DE #139].) When Petitioner was asked to raise his hand if he was "not completely and fully satisfied with [his] attorney's representation," Petitioner did not raise his hand and gave no other indication that he was dissatisfied with his attorney. (*Id.* at 14.) Petitioner may not be heard now to contradict the statements and actions made at his Rule 11 hearing. *See Little v. Allsbrook*, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984) (defendant bound by statements made at time of plea absent clear and convincing evidence to the contrary).

### ii. Witness Credibility

Petitioner next alleges that his attorney failed to object to or challenge "the courts [sic] credibility determination regarding witnesses who provided inconsistant [sic] or false testimony, concerning the prosecutions [sic] characterization of pretrial statements and/or notes." (Plaintiff's Pet. at 7 [DE #181].) Petitioner provides no facts or evidence from which the court could find that counsel's performance in this regard was unreasonable or that Petitioner was prejudiced by his attorney's performance. Rather, Petitioner's claims are unsupported, conclusory allegations, which do not entitle Petitioner to relief under § 2255. *See Nickerson v. Lee*, 971 F.2 d 1125, 1136 (4th Cir. 1992). Even given the liberal interpretation afforded pro se petitions, Petitioner's claims fail. Thus, this claim should be dismissed for failure to state a claim.

### iii. Drugs Introduced at Trial

Next, Petitioner contends that his attorney was ineffective by failing to object at trial to evidence of drug sales made solely by his codefendant. This argument is without any legal basis. Petitioner and his co-defendant were tried together in front of the same jury on drug conspiracy charges. As drug sales made by a co-conspirator in furtherance of the conspiracy are admissible against other alleged conspirators, counsel did not act unreasonably in failing to object to this evidence. Thus, this claim should be dismissed for failure to state a claim.

### c. Fair Sentencing Act of 2010 (Procedural Default)

Lastly, Petitioner seeks resentencing in accordance with the FSA. However, Petitioner has procedurally defaulted this claim. Though Plaintiff filed his notice of appeal on April 28, 2010, he did not file his brief with the Fourth Circuit until June 20, 2011, well after the FSA came into effect. Further, Petitioner has not shown cause or prejudice or a fundamental miscarriage of justice excusing his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is actually innocent.); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (explaining that where petitioner did not raise issues on direct appeal, he was barred from later addressing those issues on collateral review). Thus, Petitioner is precluded from bringing the claim in a § 2255 motion.

Moreover, even assuming Petitioner had not procedurally defaulted this claim, he is not entitled to relief under the FSA. The FSA increased the threshold quantities of cocaine base needed to trigger certain mandatory minimum sentences under 21 U.S.C. § 841(b). *See Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012); *United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011)

(citing Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010)). The FSA is not retroactively applicable to defendants sentenced before its enactment. *United States v. Allen*, 716 F.3d 98, 106-07 (4th Cir. 2013). Thus, the FSA provides no sentence relief for offenders sentenced prior to August 3, 2010. *See Dorsey*, 132 S. Ct. at 2331 (applying FSA to pre-FSA offenses only where the defendant is sentenced after the FSA's effective date).

Here, Petitioner committed his crimes and was sentenced prior to the FSA's effective date of August 3, 2010. Petitioner was resentenced on April 26, 2010, for crimes committed in 2006 and as late as 2007. Thus, he is not entitled to relief under the FSA.

### III. Motion for Case Materials

Lastly, Petitioner filed a motion for case materials, including a copy of the docket sheet and transcript of certain proceedings. Specifically, he requests portions of the transcripts to check for errors in his sentencing, as well as for error in the jury instructions at trial. However, Petitioner has procedurally defaulted on such claims because he did not address them on appeal.

The circumstances under which the Court may provide an indigent criminal defendant a copy of his transcript at the court's expense are addressed by 28 U.S.C. § 753(f). Specifically, section 753(f) states that a free transcript shall be provided to an indigent criminal defendant to bring an action pursuant to a § 2255 proceeding "if the trial judge ... certifies that the suit ... is not frivolous and that the transcript is needed to decide the issue presented by the suit, ..." 28 U.S.C. § 753(f); *see also United States v. MacCollom,* 426 U.S. 317, 326 (1976). Additionally, an indigent defendant must make a showing of a particularized need to obtain a free transcript. *See United States v. Hill,* 34 F. App'x 942, 943 (4th Cir.2002) (unpublished). An indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." *United States v. Glass,* 317 F.2d 200, 202 (4th Cir. 1963).

9

A copy of the transcript of Petitioner's jury trial and sentencing proceeding was provided to Petitioner's appellate counsel. As such, Petitioner has not shown a particularized need for a copy of the transcript in connection with these § 2255 proceedings. Petitioner should contact appellate counsel to request a copy of the transcript should he wish to obtain one.

Petitioner is entitled to a copy of the docket sheet in his case. Accordingly, the Clerk is directed to send Petitioner a copy of the docket sheet upon service of this Order and Memorandum and Recommendation.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Case Materials [DE #201] is GRANTED IN PART and DENIED IN PART, and the Clerk is DIRECTED to send Petitioner a copy of the docket sheet in his case. It is further RECOMMENDED that the government's Motion to Dismiss [DE #184] be GRANTED and that Petitioner's § 2255 Motion to Vacate [DE # 181], Motion to Amend [DE #194] and Motion to Accept his § 2255 Motion [DE #192] be DENIED.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 5th day of May 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge