IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-102-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CEDRIC TAYLOR | ) | |

This matter is before the court on Defendant Cedric Taylor's Motion for Copies/Production of Transcripts [DE-206]. In his motion, the defendant requests copies of jury instructions, sentencing transcripts, trial transcripts, and grand jury transcripts. For the reasons stated herein, the motion is DENIED.

The defendant's request for a copy of grand jury transcripts is DENIED based on the well-established policy of maintaining the secrecy of grand jury proceedings. *See United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979). As to the remaining documents, 28 U.S.C. § 753(f) addresses the circumstances under which transcripts or court documents may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). Thus, an indigent defendant may be entitled to court documents at the government's expense if he has stated a proper ground for relief and the documents are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to court documents at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202.

The defendant states that he needs the documents in order to "further investigate, research, and file a brief in support his 28 U.S.C. § 2255 Petition." Mot. Copies/Produc. Trs. [DE-206] at 2. However, the defendant has already filed his § 2255 Petition. *See* Motion to Vacate under 28 U.S.C. § 2255 [DE-181]. Furthermore, the magistrate judge has already issued a Memorandum and Recommendations [DE-202] and the defendant has responded with objections [DE-205]. No further briefing is required. Thus, the defendant's proposed need is futile. The only remaining purpose would be to "comb the record in the hope of discovering some flaw." *Glass*, 317 F.2d at 202.

SO ORDERED.

This, the _8_ day of June, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge