IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-00102-F-2
No. 5:12-CV-00765-F

| | |
|---|---|
| CEDRIC TAYLOR, ) | |
| Petitioner ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on Objections [DE-205] to the Order and Memorandum and Recommendation ("Order and M&R") [DE-202] of United States Magistrate Judge Kimberly A. Swank, regarding the Government's Motion to Dismiss [DE-184] as to Cedric Taylor's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-181]. Also before the court are Taylor's Motion to Amend [DE-194] and Motion to Accept his § 2255 Motion [DE-192]. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Taylor's Motion to Vacate, Motion to Amend, and Motion to Accept his § 2255 Motion are DENIED.

**I. Factual and Procedural Background**

On November 26, 2012, Taylor filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-181]. In his § 2255 motion, Taylor argues that he is entitled to relief on the following grounds: (1) his attorney provided ineffective assistance of counsel by failing to negotiate a plea; (2) his attorney provided ineffective assistance of counsel by failing to object to or challenge the court's credibility determinations; (3) he is entitled to relief under the Fair Sentencing Act of 2010; and (4) his attorney provided ineffective assistance

of counsel by failing to object when drugs were entered into evidence that involved only his co-defendant.

On May 6, 2015, Judge Swank issued an Order and M&R [DE-202] addressing Taylor's § 2255 motion and related motions. Judge Swank recommended that the Government's Motion to Dismiss be ALLOWED and that Taylor's Motion to Vacate, Motion to Amend, and Motion to Accept his § 2255 Motion be DENIED. *See* Order and M&R [DE-202] at 10. On June 3, 2015, Taylor filed Objections [DE-205].

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## III. Discussion

**A. The Magistrate Judge correctly recommended that Taylor's Motion to Accept his § 2255 Motion be denied.**

In the Motion to Accept his § 2255 Motion, Taylor requests that the court accept his

2

§ 2255 motion based on the Government's erroneous statement that he admitted his guilt in open court. Mot. Accept [DE-192] at 1-2. The court directed the Government to file a record citation to support this assertion. The Government responded by indicating its assertion that Taylor admitted his guilt in open court was in error and stated, "The Petitioner in no way has asserted his guilt in the offenses at his trial." Response to Order [DE-191] at 1. The Magistrate Judge concluded that Taylor's motion should be denied because the Government's error was corrected. *See* Order and M&R [DE-202] at 3. In his Objections, Taylor argues that this court should view the Government's actions as an attempt to mislead the court. Objections [DE-205] at 2.

The court concludes that the Government made a harmless error that has been corrected. Accordingly, Taylor's objection is overruled, and the Motion to Accept his § 2255 Motion [DE-192] is DENIED.

## B. The Magistrate Judge correctly recommended that Taylor's Motion to Amend be denied.

Taylor has moved to amend his § 2255 motion in light of *Fowler v. United States*, 563 U.S. 668 (2011) and *Arthur Anderson LLP v. United States*, 544 U.S. 696 (2005). Mot. Amend [DE-194] at 1. The Magistrate Judge pointed out that both of these decisions were handed down before Taylor filed his appellate brief with the Fourth Circuit Court of Appeals on June 20, 2011, and he did not raise these claims on appeal. *See* Order and M&R [DE-202] at 3. The Magistrate Judge determined that these claims were procedurally defaulted. *Id.* The Magistrate Judge ultimately concluded that the motion to amend should be denied because Taylor is precluded from bringing the claim in a § 2255 motion on the basis that amendment would be futile. *Id.* In his Objections, Taylor argues that the procedural default is excusable because of the alleged

3

ineffectiveness of appellate counsel who failed to raise these claims on appeal. Objections [DE-205] at 2-3.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States,* 523 U.S. 614, 621 (1998) (internal quotation marks omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted). To demonstrate cause, a petitioner must point to some objective factor beyond his control that impeded or prevented him from presenting his claim. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). In order to demonstrate prejudice, a petitioner must demonstrate that errors at trial infected his entire trial with error of constitutional dimensions. *McCarver v. Lee,* 221 F.3d 583, 592 (4th Cir. 2000). Actual innocence means factual innocence and not just the legal insufficiency of his conviction or sentence. *Bousley,* 523 U.S. at 623-24.

Assuming arguendo that Taylor has demonstrated cause, he has not shown actual prejudice. Initially, Taylor has not shown a connection between his case and *Arthur Anderson*, a case involving an accounting firm being convicted of obstructing a Securities and Exchange (SEC) proceeding. As for *Fowler*, the Court held that "the Government must show a *reasonable likelihood* that, had, *e.g.*, the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer." *Fowler,* 131 S. Ct. at 2052. In this case, the evidence at Taylor's trial satisfied the Government's burden. The jury convicted Taylor of tampering with Powell. On direct appeal, the Fourth Circuit held that "the circumstantial evidence reasonably supports the inference that the Appellants' actions

4

and statements during the encounter with Powell were intended to motivate Powell to advise her uncle [Bunnells] that his continued cooperation and communication with law enforcement about the Appellants' drug trafficking activity would be dealt with violently." *United States v. Taylor*, 371 F. App'x 375, 382 (4th Cir. 2010). At trial, Bunnells testified that early in his cooperation he spoke with Gary Owens, who the prosecutor identified as the Government's case agent. *See* May 14, 2008 Transcript [DE-142] at 51-52. Bunnells also worked with Owens and another detective in conducting controlled buys with Taylor's co-defendant, Donald Taylor. *Id.* at 52-57. Thus, Taylor and Donald Taylor sought to interfere with communications between Bunnells and law enforcement, and there is a reasonable likelihood that at least one relevant communication would have gone to a federal law enforcement officer. Consequently, Taylor's objection is overruled, and his Motion to Amend [DE-194] is DENIED.

### C. The Magistrate Judge correctly found that Taylor's claim that his attorney was ineffective for failing to negotiate a plea lacks merit.

In his Objections, Taylor argues that his attorney's performance was deficient because he failed to negotiate a plea when Taylor said he wanted to plead guilty. Objections [DE-205] at 4. The Magistrate Judge noted that because Taylor had no constitutional right to be offered a plea, his attorney cannot be ineffective for failing to pursue such an arrangement. *See* Order and M&R [DE-202] at 6. Further, the Magistrate Judge noted that defense counsel must communicate the Government's proposals to his client, yet Taylor has not alleged that the Government extended an offer he would have accepted but for his counsel's failure to communicate a plea. *Id.* at 6-7. The Magistrate Judge concluded that Taylor failed to show that his attorney's performance was deficient or that he was prejudiced as a result of his attorney's performance. *Id.* at 7.

5

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

In this case, the court concludes that the Magistrate Judge's findings under both prongs of the *Strickland* standard are supported by substantial evidence. Accordingly, Taylor's objection is overruled, and this claim will be dismissed.

## D. The Magistrate Judge correctly found that Taylor's claim that his attorney failed to object to the credibility of witnesses lacks merit.

Taylor seems to suggest that his attorney provided ineffective assistance of counsel by failing to object to the credibility of witnesses at trial. Objections [DE-205] at 5. According to Taylor, because his attorney failed to object, the U.S. Probation Office was free to use the witnesses's statements against him at sentencing. *Id.* The Magistrate Judge concluded that

6

Taylor had failed to provide facts or evidence from which this court could find that his attorney's performance was unreasonable or that he was prejudiced by his attorney's performance. *See* Order and M&R [DE-202] at 7.

The court concludes that Taylor's bare allegations are insufficient to state a claim for ineffective assistance of counsel under *Strickland*. The court finds that the Magistrate Judge's conclusion that Taylor's allegations did not sufficiently state a claim for ineffective assistance of counsel is supported by substantial evidence. Consequently, Taylor's objection is overruled, and this claim will be dismissed.

### E. The Magistrate Judge correctly found that Taylor's claim that his attorney erred by failing to object when evidence of drugs was admitted at trial lacks merit.

Taylor argues that his attorney erred by failing to object to the laboratory reports of the drugs that were admitted during his trial. Objections [DE-205] at 7. Assuming that Taylor has sufficiently alleged deficient performance by his attorney under the first prong of the *Strickland* standard, this claim must still fail because Taylor has failed to allege any prejudice that the failure to object caused him. Accordingly, Taylor's objection is overruled, and this claim will be dismissed.

### IV. Conclusion

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate Judge as its own, and for the reasons stated therein, in addition to the above-stated reasons, the Government's Motion to Dismiss [DE-184] is ALLOWED, and Taylor's Motion to Vacate [DE-181], Motion to Amend [DE-194], and Motion to Accept his § 2255 Motion [DE-192] are DENIED.

7

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Taylor has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 17 day of November, 2015.

James C. Fox
Senior United States District Judge

8

Case 5:07-cr-00102-F   Document 214   Filed 11/18/15   Page 8 of 8